1  JEFFREY D. WOHL (Cal. State Bar No. 096838)
   PAUL HASTINGS LLP
2  101 California Street, 48th Floor
   San Francisco, California 94111
3  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
4  jeffwohl@paulhastings.com

5  LINDSEY C. JACKSON (Cal. State Bar No. 313396)
   PAUL HASTINGS LLP
6  515 S. Flower Street, 25th Floor
   Los Angeles, California 90071-2228
7  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
8  lindseyjackson@paulhastings.com

9  Attorneys for Defendants
   Applied Materials, Inc., and Keith Dupen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN JACKSON, | No. 20-cv-06007-VKD |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY ACTION PENDING ARBITRATION; MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | |
| APPLIED MATERIALS, INC. and KEITH DUPEN, | |
| Defendants. | Date: April 6, 2021<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Judge: Hon. Virginia K. DeMarchi |
| | Trial date: None set<br>FAC filed: September 12, 2020 |

# TABLE OF CONTENTS

*Page*

NOTICE OF MOTION AND MOTION

MEMORANDUM IN SUPPORT OF MOTION

I. FACTUAL AND PROCEDURAL BACKGROUND ................................................................ 1
II. THIS COURT SHOULD COMPEL ARBITRATION ............................................................. 1
    A. The Federal Arbitration Act Requires Enforcement of Arbitration Agreements According to Their Terms. ................................................................ 1
    B. The Arbitration Agreement Covers Plaintiff's Claims. ........................................ 2
    C. The Arbitration Agreement Is Valid. ..................................................................... 3
        1. The Arbitration Agreement Is an Enforceable Contract. ........................... 3
        2. The Arbitration Agreement Is Not Unconscionable. ................................. 4
            a. California's Unconscionability Test. ............................................. 4
            b. The Arbitration Agreement Is Not Procedurally Unconscionable. .............. 5
                (1) There Was No Oppression. ............................................. 5
                (2) There Was No Surprise. ................................................. 5
            c. The Arbitration Agreement Is Not Substantively Unconscionable ............. 6
            d. The Arbitration Agreement Therefore Is Enforceable. ................ 7
            e. Plaintiff Has Not Articulated a Cognizable Reason to Deny Enforcement of His Arbitration Agreement. ............................... 9
            f. Any Unconscionable Provision Should Be Severed and the Remainder of the Arbitration Agreement Enforced. ................... 9
III. THE COURT SHOULD STAY THE ACTION PENDING COMPLETION OF THE ARBITRATION .......................................................................................................... 10
IV. CONCLUSION .................................................................................................................. 11

# **TABLE OF AUTHORITIES**

*Page*

**Cases**

*Ambler v. BT Americas Inc.*,
  964 F. Supp. 2d 1169 (N.D. Cal. 2013) ...................................................................................3

*American Software, Inc. v. Ali*,
  46 Cal. App. 4th 1386 (1996) ..................................................................................................5

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
  24 Cal. 4th 83 (2000) ....................................................................................................... *passim*

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) .................................................................................................................2

*AT&T Techs, Inc. v. Commc'n Workers*,
  475 U.S. 643 (1986) .................................................................................................................2

*Baltazar v. Forever 21, Inc.*,
  62 Cal. 4th 1237 (2016) ...................................................................................................2, 7, 8

*Bolter v. Superior Court*,
  87 Cal. App. 4th 900 (2001) ....................................................................................................9

*Booker v. Robert Half Int'l, Inc.*,
  413 F.3d 77 (D.C. Cir. 2005) .........................................................................................7, 8, 10

*Circuit City Stores, Inc. v. Najd*,
  294 F.3d 1104 (9th Cir. 2002) ..................................................................................................4

*Davis v. Nordstrom, Inc.*,
  755 F.3d 1089 (9th Cir. 2014) ..............................................................................................2, 3

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) .................................................................................................................2

*DIRECTV, Inc. v. Imburgia*,
  577 U.S. 47 (2015) ...................................................................................................................3

*Dotson v. Amgen, Inc.*,
  181 Cal. App. 4th 975 (2010) ...............................................................................................7, 8

*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak St.*,
  35 Cal. 3d 312 (1983) ..............................................................................................................2

*Farrar v. Direct Commerce, Inc.*,
  9 Cal. App. 5th 1257 (2017) ....................................................................................................9

*Ferguson v. Countrywide Credit Indus., Inc.*,
  298 F.3d 778 (9th Cir. 2002) ....................................................................................................3

*Fittante v. Palm Springs Motors, Inc.*,
  105 Cal. App. 4th 708 (2003) ..................................................................................................4

*Gatton v. T-Mobile USA, Inc.*,
  152 Cal. App. 4th 571 (2007) ..................................................................................................8

*Graham v. Scissor-Tail, Inc.*,
  28 Cal. 3d 807 (1981) ..............................................................................................................4

*Jones v. Humanscale Corp.*,
  130 Cal. App. 4th 401 (2005) ................................................................................................10

*Kilgore v. KeyBank, N.A.*,
   718 F.3d 1052 (9th Cir. 2013) (*en banc*) ............................................................................. 2

*Kinney v. United Healthcare Servs., Inc.*,
   70 Cal. App. 4th 1322 (1999) ............................................................................................... 5

*Lane v. Francis Capital Mgmt. LLC*,
   224 Cal. App. 4th 676 (2014) ............................................................................................... 2

*Little v. Auto Stiegler, Inc.*,
   29 Cal. 4th 1064 (2003) .................................................................................................. 7, 10

*Lucas v. Gund, Inc.*,
   450 F. Supp. 2d 1125 (C.D. Cal. 2006) ................................................................................ 9

*Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g*,
   89 Cal. App. 4th 1042 (2001) ............................................................................................ 4, 8

*McManus v. CIBC World Mkts. Corp.*,
   109 Cal. App. 4th 76 (2003) ................................................................................................. 5

*Monster Energy Co. v. City Bevs, LLC*,
   940 F. 3d 1130 (9th Cir 2019) .............................................................................................. 9

*Morris v. Redwood Empire Bancorp*,
   128 Cal. App. 4th 1305 (2005) ............................................................................................. 7

*United States ex rel. Oliver v. Parsons Co.*,
   195 F.3d 457 (9th Cir. 1999) ................................................................................................ 3

*Pac. Corporate Grp. Holdings, LLC v. Keck*,
   232 Cal. App. 4th 294 (2014) ............................................................................................... 3

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*,
   55 Cal. 4th 223 (2012) ................................................................................................ 4, 6, 7

*Poublon v. C.H. Robinson Co.*,
   846 F.3d 1251 (9th Cir. 2017) ............................................................................................ 10

*Roman v. Superior Court*,
   172 Cal. App. 4th 1462 (2009) ..................................................................................... 5, 8, 9

*Rosenthal v. Great Western Fin. Secs. Corp.*,
   14 Cal. 4th 394 (1996) ......................................................................................................... 4

*Sanchez v. CarMax Superstores Cal., LLC*,
   224 Cal. App. 4th 398 (2014) ............................................................................................... 7

*Sanchez v. Valencia Holding Co., LLC*,
   61 Cal. 4th 899 (2015) ......................................................................................................... 5

*Serpa v. Cal. Sur. Investigations, Inc.*,
   215 Cal. App. 4th 695 (2013) ............................................................................................... 8

*Simula, Inc. v. Autoliv, Inc.*,
   175 F.3d 716 (9th Cir. 1999) ................................................................................................ 2

*Sonic-Calabasas A, Inc. v. Moreno*,
   57 Cal. 4th 1109 (2013) ....................................................................................................... 5

# TABLE OF AUTHORITIES
(*cont'd*)

*Page*

*Strotz v. Dean Witter Reynolds*,
  223 Cal. App. 3d 208 (1990), *overruled on other grounds by Rosenthal v. Great Western Fin. Secs. Corp.*, 14 Cal. 394 (1996) ..................................................................4

**Statutes**

Cal. Civ. Code § 1550 ............................................................................................................3

Cal. Code Civ. Proc.
  § 1280 ................................................................................................................................2
  § 1281.4 ...........................................................................................................................10

Civil Rights Act Title VII ...............................................................................................1, 3

Federal Arbitration Act ("FAA") ....................................................................................1, 2

Uniform Trade Secrets Act ..................................................................................................4

9 U.S.C.
  § 1 .....................................................................................................................................1
  § 3 ...............................................................................................................................2, 10
  § 4 .....................................................................................................................................2

# NOTICE OF MOTION AND MOTION

To plaintiff Kevin Jackson, appearing *pro se*:

PLEASE TAKE NOTICE that on Tuesday, April 6, 2021, at 10:00 a.m., or as soon thereafter as they may be heard, in Courtroom 2 of this Court, located at 280 South 1st Street, 5th Floor, San Jose, California, before the Honorable Virginia K. DeMarchi, defendants Applied Materials, Inc., and Keith Dupen will and hereby do move the Court to compel arbitration of plaintiff Kevin Jackson's amended complaint in this action, filed on September 12, 2020 (ECF 10), and to stay this action pending the completion of arbitration.

This motion is made on the grounds that plaintiff agreed in writing to arbitrate the claims asserted in the complaint and plaintiff's arbitration agreement is enforceable under the Federal Arbitration Act and California Code of Civil Procedure section 1280 *et seq.*

The motion is based on this Notice of Motion and Motion and the following memorandum in support of the motion; the concurrently filed Declaration of Carmen Varden in Support of Defendants' Motion to Compel Arbitration and Stay Action Pending Arbitration, Declaration of Jeffrey D. Wohl in Support of Defendants' Motion to Compel Arbitration and Stay Action Pending Arbitration ("Wohl Decl."), and the [Proposed] Order Granting Defendants' Motion to Compel Arbitration and Stay Action Pending Arbitration; the Court's record of this action; all matters of which the Court may take notice; and such arguments and evidence that may be offered at the hearing.

Counsel for defendants have met and conferred with plaintiff before filing this motion. Plaintiff did not stipulate to arbitration and a stay. (Wohl Decl., ¶ 2.)

Dated: February 25, 2021

JEFFREY D. WOHL
LINDSEY C. JACKSON
PAUL HASTINGS LLP

By: /s/ *Jeffrey D. Wohl*
Jeffrey D. Wohl
Attorneys for Defendants
Applied Materials, Inc. and Keith Dupen

## MEMORANDUM IN SUPPORT OF MOTION

*Pro se* plaintiff Kevin Jackson sued in derogation of his contractual promise to arbitrate. This Court should compel arbitration and stay this action pending completion of the arbitration.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 2020, plaintiff filed a complaint against defendants Applied Materials, Inc. ("Applied"), his former employer, and Keith Dupen, an Applied executive, for race discrimination and retaliation in violation of Title VII. Plaintiff filed an amended complaint on September 12, 2020.

Previously, however, plaintiff had agreed to be bound by his Employment Agreement, which has an arbitration provision under which he agreed that "any controversy or claim ... by me ... against Applied and/or ... any ... employees (whether acting in that capacity or otherwise) ... will be finally resolved by binding arbitration." Declaration of Carmen Varden in Support of Defendants' Motion to Compel Arbitration and Stay Action Pending Arbitration ("Varden Decl."), ¶ 4, Exh. C at 6. The arbitration provision covers "any controversy or claim ... arising out of or relating to my Employment or termination of my Employment" including "any claims under ... Title VII of the Civil Rights Act of 1964 ..." *Id.* at 6-7.

Plaintiff signed the Employment Agreement at the time of his hiring by affixing his electronic signature using a document-signing feature. Varden Decl., ¶ 4, Exh. C.

After he commenced this action, counsel for defendants contacted plaintiff, reminded him of his obligation to arbitrate his claims against defendants, and asked that he stipulate to compelling the action to arbitration and staying the action pending completion of arbitration. Declaration of Jeffrey D. Wohl in Support of Defendants' Motion to Compel Arbitration and Stay Action Pending Arbitration, ¶ 2. Plaintiff refused to do so. *Id.* This motion followed.

### II. THIS COURT SHOULD COMPEL ARBITRATION

Plaintiff's binding arbitration agreement covers the claims he asserts here. This Court should enforce plaintiff's contract and compel arbitration.

#### A. The Federal Arbitration Act Requires Enforcement of Arbitration Agreements According to Their Terms.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, permits a party to a written arbitration

agreement to petition a U.S. district court for an order compelling the parties to arbitrate their dispute. In relevant part, the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

The FAA "reflects a 'liberal federal policy' in favor of arbitration." *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 346 (2011)). Accordingly, "[u]nder the FAA, the role of the district court is to determine if a valid arbitration agreement exists, and if so, whether the agreement encompasses the dispute at issue." *Id.* (citing *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1057 (9th Cir. 2013) (*en banc*)). Where a dispute falls within the scope of a valid agreement to arbitrate, the FAA requires the district court to direct the parties to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The FAA further directs the court to stay all proceedings pending completion of arbitration. *See* 9 U.S.C. § 3 ("[T]he court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ... .").[1]

### B. The Arbitration Agreement Covers Plaintiff's Claims.

An order to arbitrate "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs, Inc. v. Commc'n Workers*, 475 U.S. 643, 650 (1986) (citation omitted). Accordingly, "[a]ny doubts

---

[1] The FAA applies here, but California state law, Cal. Code Civ. Proc. § 1280 *et seq.*, produces the same result. *See, e.g.*, *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1247 n.3 (2016) (enforcing agreement under state law even though FAA coverage was disputed); *Lane v. Francis Capital Mgmt. LLC*, 224 Cal. App. 4th 676, 688-93 (2014) (same). The California Supreme Court has long recognized "this state's strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution." *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak St.*, 35 Cal. 3d 312, 322 (1983). In *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000), the California Supreme Court reiterated: "California law, like federal law, favors enforcement of valid arbitration agreements. ... California courts and its Legislature have 'consistently reflected a friendly policy toward the arbitration process.'" *Id.* at 97 (citations omitted).

concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (citation omitted).

There is no doubt; the arbitration provision of plaintiff's Employment Agreement applies to any dispute between Applied and its employees on the one hand and plaintiff on the other hand that otherwise would be subject to litigation. It specifically covers all Title VII claims. Plaintiff's claims therefore are arbitrable.

### C. The Arbitration Agreement Is Valid.

Plaintiff made a valid agreement to arbitrate with Applied, as shown below.

#### 1. The Arbitration Agreement Is an Enforceable Contract.

When determining whether a valid contract to arbitrate exists, a federal court applies ordinary state-law principles that govern contract formation. *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 58-59 (2015) (reversing a California state court that had failed to do so); *see also Davis*, 755 F.3d at 1093 (citing *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002)). Arbitration agreements are presumed to be valid; the party seeking to avoid arbitration bears the burden of demonstrating otherwise. *See, e.g.*, *Ambler v. BT Americas Inc.*, 964 F. Supp. 2d 1169, 1174 (N.D. Cal. 2013).

Under California law, a contract requires (1) the parties' consent and (2) consideration. *See* Cal. Civ. Code § 1550; *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999). Each of these prerequisites is met here.

*First*, Applied and plaintiff consented to be bound by the Employment Agreement. "The manifestation of mutual consent is generally achieved through the process of offer and acceptance, [and] is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." *Pac. Corporate Grp. Holdings, LLC v. Keck*, 232 Cal. App. 4th 294, 309 (2014) (internal citations and quotation marks omitted). Here, the parties manifested their assent by their respective signatures.

*Second*, sufficient consideration exists to support plaintiff's promise to arbitrate. The Employment Agreement was a condition of hire for plaintiff, so his job supplied consideration without

1   more.  In addition, Applied, too, is bound to arbitrate any claims it might have against plaintiff.  The
2   arbitration agreement applies to "any controversy or claim" between the parties, including those in
3   which Applied normally would be the plaintiff, such as those under the Uniform Trade Secrets Act.
4   Varden Decl., ¶ 4, Exh. C at 6.  "[T]he parties' mutual promises to forego a judicial determination and to
5   arbitrate their disputes provide consideration for each other."  *Strotz v. Dean Witter Reynolds*, 223 Cal.
6   App. 3d 208, 216 (1990), *overruled on other grounds by Rosenthal v. Great Western Fin. Secs. Corp.*,
7   14 Cal. 4th 394 (1996); *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002)
8   (employer's promise to be bound by the arbitration process serves as adequate consideration).

Because all the requirements for a valid contract under California law have been met, plaintiff is bound by his agreement to arbitrate the claims he asserts here.

### 2. The Arbitration Agreement Is Not Unconscionable.

Plaintiff cannot credibly claim that the arbitration agreement is unconscionable.

#### a. California's Unconscionability Test.

Unconscionability is an affirmative defense to the enforcement of a contract. *See Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 820 (1981). "The party resisting arbitration bears the burden of proving unconscionability." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 247 (2012); *see also Rosenthal*, 14 Cal. 4th at 413 ("If the party opposing the petition raises a defense to enforcement ... that party bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense.").

Unconscionability has both a substantive and a procedural element.  An agreement to arbitrate is unenforceable only where both substantive and procedural unconscionability exist; it is not enough that one may exist without the other.  *See, e.g.*, *Armendariz*, 24 Cal. 4th at 114 (both forms of unconscionability must be present to defeat contract formation); *Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 723 (2003) (same).

"'With a concept as nebulous as "unconscionability," it is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable.'"  *Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g*, 89 Cal. App. 4th 1042, 1055 (2001) (quoting *American Software, Inc. v. Ali*, 46

Cal. App. 4th 1386, 1391 (1996)).  As the California Supreme Court reiterated, "The unconscionability inquiry is not a license for courts to impose their renditions of an ideal arbitral scheme." *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1148 (2013).  "[C]ourts may not decline to enforce an arbitration agreement simply on the ground that it appears to be a bad bargain or that one party could have done better." *Id.*; *accord Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 911 (2015) ("A party cannot avoid a contractual obligation merely by complaining that the deal, in retrospect, was unfair or a bad bargain.").

As shown below, the arbitration agreement is neither procedurally nor substantively unconscionable, and certainly not both.

### b. The Arbitration Agreement Is Not Procedurally Unconscionable.

"Procedural unconscionability concerns the manner in which the contract was negotiated and the circumstances of the parties at that time." *Kinney v. United Healthcare Servs., Inc.*, 70 Cal. App. 4th 1322, 1329 (1999) (internal quotation marks and citation omitted).  Whether an agreement is procedurally unconscionable depends on whether there is (i) "'oppression' arising from an inequality of bargaining power;" or (ii) "'surprise' arising from buried terms in a complex printed form." *McManus v. CIBC World Mkts. Corp.*, 109 Cal. App. 4th 76, 87 (2003).  Neither element is present here.

#### (1) There Was No Oppression.

Plaintiff is an educated individual with an engineering background, a person fully capable of evaluating his job options and their terms and conditions, and was hired into the position of Product Line Management IV.  Varden Decl., ¶ 3, Exhs. A, B; *cf. American Software*, 46 Cal. App. 4th at 1391-92 (finding no procedural unconscionability in contract between company and educated salesperson).

#### (2) There Was No Surprise.

"Surprise involves the extent to which the terms of the bargain are hidden in a 'prolix printed form' drafted by a party in a superior bargaining position." *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1469 (2009) (citation omitted).  In *Roman*, the court found that any procedural unconscionability was minimal because the arbitration provision "was not buried in a lengthy employment agreement;" rather, it was contained on the last page of a seven-page employment application under an appropriate heading.  *Id.* at 1470-71.

Here, the arbitration provision in plaintiff's Employment Agreement is clearly labeled with capitalization and underlining ("<u>ARBITRATION</u>"), and laid out on the sixth and seventh page of an eight-page employment agreement. Varden Decl., ¶ 4, Exh. C at 6. Plaintiff's arbitration promise was made in a plainly worded section set forth in fewer than two pages. There is simply no reasonable argument that the nature or importance of the arbitration provision was hidden from plaintiff. *See, e.g.*, *Pinnacle*, 55 Cal. 4th at 247 & n.12 (2012) (rejecting contention of unconscionability; "[T]he trial court found no evidence of surprise," and "[w]e agree. The record reflects that the arbitration provisions ... appear in a separate article under a bold, capitalized, and underlined caption ... and within a separate section with [a] bold and underlined title ...").

### c. The Arbitration Agreement Is Not Substantively Unconscionable.

Even if (erroneously, in defendants' view) this Court perceived some trace of procedural unconscionability, plaintiff's arbitration agreement still is enforceable because there is no substantive unconscionability.

*Armendariz* held that, for an employment arbitration agreement to be enforceable, it must meet certain "minimum requirements" to ensure that substantive rights afforded by statute are not waived. Specifically, an arbitration agreement is enforceable if it provides for: (i) a neutral arbitrator; (ii) a written decision subject to limited judicial review; (iii) payment by the employer of all costs unique to arbitration; (iv) adequate discovery; and (v) recovery of all statutory remedies. *Armendariz*, 24 Cal. 4th at 90-91, 103-13. The Employment Agreement meets all of those requirements.

*First*, the arbitration agreement provides for a neutral arbitrator. Varden Decl., ¶ 4, Exh. C at 6 ("The arbitration will be conducted by a single, neutral arbitrator and administered by JAMS, Inc. ... under its Employment Arbitration Rules & Procedures ...").

*Second*, the arbitration agreement expressly provides that "[a]ny award by the arbitrator(s) will be reasoned and accompanied by a statement of the factual and legal bases for the award." Varden Decl., ¶ 4, Exh. C at 7.

*Third*, the arbitration agreement expressly provides that "Applied will pay all costs of JAMS or AAA to administer the arbitration and the costs for the arbitrator ..." Varden Decl., ¶ 4, Exh. C at 7.

*Fourth*, the arbitration agreement provides for adequate discovery: "In any arbitration

commenced pursuant to this agreement to arbitrate, depositions may be taken and discovery obtained to the reasonable amount necessary for both parties to be able to present their claims and defenses ..." Varden Decl., ¶ 4, Exh. C at 7. The arbitration agreement's discovery rules thus are fully consistent with *Armendariz*. *See, e.g.*, *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 982-85 (2010) (reversing trial court and compelling arbitration; agreement set forth limits on discovery, but allowed arbitrator to grant more on appropriate showing of need); *Sanchez v. CarMax Superstores Cal., LLC*, 224 Cal. App. 4th 398, 404-06 (2014) (same; arbitrator could grant additional discovery based on showing of "substantial need"). In *Little*, an arbitration agreement was unclear about how much discovery would be allowed. The Supreme Court resolved the ambiguity in favor of enforceability. *Little*, 29 Cal. 4th at 1081 (enforcing arbitration agreement because it was "[n]o[t] ... evident from the agreement that Little will be unable to obtain adequate discovery"); *accord Booker v. Robert Half Int'l, Inc.*, 413 F.3d 77, 81-82 (D.C. Cir. 2005) (Roberts, J.) (enforcing arbitration agreement even though plaintiff contended that arbitrator might "compromise [plaintiff's] right to requisite discovery"; party cannot oppose arbitration with "'mere speculation' about how an arbitrator 'might' interpret or apply the agreement").

*Fifth*, the arbitration agreement permits plaintiff to recover all otherwise-available remedies by providing that "Applied and I will have the same remedies in arbitration as we would otherwise have had if the claim had been filed in a court of law, including, where authorized by law, compensatory and punitive damages, declaratory relief, injunctive relief, and attorneys' fees." Varden Decl., ¶ 4, Exh. C at 7. Since "nothing in the language of the [arbitration agreement] limits remedies," "no limitation should be implied." *See Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1075 n.1 (2003).

### d. The Arbitration Agreement Therefore Is Enforceable.

"Both procedural unconscionability and substantive unconscionability must be shown" before an agreement may be held unenforceable. *Pinnacle*, 55 Cal. 4th at 247. If this Court concludes, as it should, that at least one form of unconscionability is wholly absent, the arbitration agreement is enforceable without more.

Alternatively, the arbitration agreement should be enforced even if (erroneously, in defendants' view) this Court found both forms of unconscionability to be present. A reviewing court's task "is not only to determine *whether* ... unconscionability exists, but more importantly, *to what degree* it may

exist." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1319 (2005) (emphasis in original). Where there is minimal procedural unconscionability, the party opposing arbitration must show a high level of substantive unconscionability (or vice versa). *See, e.g.*, *Armendariz*, 24 Cal. 4th at 114 ("[T]he more substantively oppressive the contract term[s], the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."); *Dotson*, 181 Cal. App. 4th at 982 ("Because the degree of procedural unconscionability is minimal, the agreement is unenforceable only if the degree of substantive unconscionability is high."); *Roman*, 172 Cal. App. 4th at 1469 (same).

For example in *Baltazar*, the plaintiff was given an arbitration agreement and told in a job interview, "[S]ign it or no job." *Baltazar*, 62 Cal. 4th at 1241. The unanimous California Supreme Court nevertheless enforced the arbitration agreement. Even if there was a small amount of procedural unconscionability, the court explained, the necessary level of substantive unconscionability did not exist. *Id.* at 1246-50.

Similarly, in *Marin Storage*, 89 Cal. App. 4th at 1056, the court found that "procedural unconscionability, although extant, was not great" in light of all the circumstances. "In light of the low level of procedural unfairness, we conclude that a greater degree of substantive unfairness than has been shown here was required before the contract could [be invalidated]." *Id*. The court therefore enforced the agreement. *See also Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013) ("When, as here, there is no other indication of oppression or surprise, 'the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high.'") (citation omitted); *Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 586 (2007) (in light of minimal degree of procedural unconscionability, plaintiff was required to "make a strong showing of substantive unconscionability").

The arbitration agreement is not unconscionable at all, but even assuming otherwise *arguendo*, the level of unconscionability, at worst, is low. The arbitration agreement should be enforced under California's sliding-scale test.

///

///

### e. Plaintiff Has Not Articulated a Cognizable Reason to Deny Enforcement of His Arbitration Agreement.

Based on what plaintiff said in his case management statement (ECF 25), defendants anticipate that plaintiff will argue that this motion to compel should be denied based on his misplaced and premature concern that a biased arbitrator might be selected. Both California law and JAMS and AAA rules contain procedures for selecting arbitrators and safeguard against conflicts or bias. Speculation that an arbitrator eventually selected might violate the procedures or evade the safeguards is not a basis for refusing to enforce the arbitration agreement. *See Booker*, 413 F.3d at 82 ("[S]peculation about what *might* happen in the arbitral forum is plainly insufficient to render the agreement to arbitrate unenforceable. ... To invalidate the agreement on the basis of [plaintiff's] speculation would reflect the very sort of 'suspicion of arbitration' the Supreme Court has condemned as 'far out of step with our current strong endorsement of the federal statutes favoring this method of resolving disputes.'") (emphasis in original) (*quoting Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30 (1991)). If plaintiff believes his speculation later is born out in fact, then (and only then) may he present that argument in support of a motion to vacate the eventual arbitration award.[2]

### f. Any Unconscionable Provision Should Be Severed and the Remainder of the Arbitration Agreement Enforced.

California law abhors "throw[ing] the [arbitration] baby out with the bath water." *Bolter v. Superior Court*, 87 Cal. App. 4th 900, 910 (2001). "[T]he strong legislative and judicial preference is to sever the offending term and enforce the balance of the agreement ..." *Roman*, 172 Cal. App. 4th at 1477; *see Farrar v. Direct Commerce, Inc.*, 9 Cal. App. 5th 1257, 1275 (2017) (compelling arbitration

---

[2] Plaintiff also cites to *Monster Energy Co. v. City Bevs, LLC*, 940 F. 3d 1130 (9th Cir 2019), as providing grounds to deny this motion, but that case is inapposite. In *Monster*, the Ninth Circuit vacated the district court's award of post-arbitration fees to the plaintiff because the arbitrator failed to disclose his ownership interest in JAMS, which had administered 97 arbitrations for the plaintiff in the past five years. *See id.* at 1132. However, *Monster Energy*, at most, sets forth a ground for vacating an arbitrator's decision *if the arbitrator fails to disclose his or her ownership interest in the alternate dispute resolution provider*. Obviously, since arbitration has not yet commenced and no arbitrator has been chosen, *Monster Energy* has no applicability here. Similarly misplaced would be plaintiff's attempt to oppose this motion based upon the fact that last year, one JAMS arbitrator, who since has been fired, distributed a racist e-mail. Nothing in that unfortunate incident supplies a ground for denying enforcement of an arbitration agreement on the mistaken notion that JAMS, as an ADR provider, is itself discriminatory.

after severing "aspect in which the arbitration provision is substantively unconscionable"); *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1134 (C.D. Cal. 2006) (ordering two provisions severed; "[S]ubstantive unconscionability does not 'permeate' this agreement as it contains only two objectionable provisions which are easily severable."). The Ninth Circuit in *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1273 (9th Cir. 2017), enforced an agreement following severance of multiple provisions: "Poublon argues that an agreement is necessarily permeated by unconscionability if more than one clause in the agreement is unconscionable or illegal. We disagree ..." *Id.*

If, in the unlikely, event, this Court were to find one (or more) unconscionable provisions in the arbitration agreement, the appropriate remedy would be to sever or limit it (or them) and then enforce the rest of the agreement.[3]

### III. THE COURT SHOULD STAY THE ACTION PENDING COMPLETION OF THE ARBITRATION

Upon compelling arbitration, the Court should issue an order staying this action in its entirety, pending disposition of plaintiff's claims in arbitration. *See, e.g.,* 9 U.S.C. § 3 ("[T]he court in which [a] suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under ... an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ..."); Cal. Code Civ. Proc. § 1281.4 ("If a court of competent jurisdiction, whether in the State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.").

///

---

[3] *See, e.g.*, *Little*, 29 Cal. 4th at 1074-76 (severing unconscionable appeals provision and finding arbitration agreement "valid and enforceable once the unconscionable appellate arbitration provision [was] deleted"; severance was necessary in order to give effect to the parties' intent to arbitrate and to "'prevent parties from gaining undeserved benefit or suffering undeserved detriment as a result of voiding the entire agreement'") (citations omitted); *Jones v. Humanscale Corp.*, 130 Cal. App. 4th 401, 416-17 (2005) (reversing trial court that had declined to sever unconscionable provision); *see also Booker*, 413 F.3d at 86 (enforcing arbitration agreement after severing provision precluding punitive damages; severance is consistent with FAA's requirement "that we rigorously enforce agreements to arbitrate") (citation and internal quotation marks omitted).

Because a valid, binding and conscionable arbitration agreement exists that requires arbitration of all of plaintiff's claims against defendants, this action should be stayed in its entirety while the parties proceed with arbitration.

## IV. CONCLUSION

Plaintiff promised to arbitrate any disputes he might have with defendants, but now sues in abrogation of his promise. Accordingly, defendants respectfully request that this Court order plaintiff to submit his claims to arbitration pursuant to his Employment Agreement, and stay this action pending completion of the arbitration.

Dated: February 25, 2021

JEFFREY D. WOHL
LINDSEY C. JACKSON
PAUL HASTINGS LLP

By:  /s/ *Jeffrey D. Wohl*
Jeffrey D. Wohl
Attorneys for Defendants
Applied Materials, Inc., and Keith Dupen