IN THE DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE
SANTA CLARA COUNTY, CALIFORNIA 05:20-CV-06007-VKD

Kevin F Jackson,
*Petitioner*
and
Applied Materials & Keith Dupen
*Respondent*

*Plaintiff Response*: To Defendants Motion TO/FOR Compel Arbitration

Plaintiff Opposes Motion for the following reasons:

1.) Response to Motion to Abate 9-18-20 pdf submitted to the Court
2.) Chris Poole: General Announcement (Goals are no longer good enough pdf) submitted to the Court.
3.) Provided JAMS Case Manager Alice Lu, Defendants Counsel Sherrard Hayes, Jan Blair, Susan Schwartz (AMAT Legal), and Thomas Larking (AMAT Legal) an email on 8-22-2020 as per JAMS policy informing them I will not be participating in the JAMS arbitration hearing. This information is required before the arbitration hearing has begun and/or assigned. Either party can opt out of arbitration according to JAMS rules & regulations. Rules have been provided to the Court.
4.) Plaintiff is *requesting* follow-up responses to the following issues that recently occurred at JAMS arbitration firm:

Richard C Neville (JAMS Arbitrator) sent a racist email to "presumably" (36) colleagues plus a plaintiff's attorney that he was actively working with in an arbitration hearing at the time. **Question**: "Who are these presumed 36 colleagues and what are their primary job titles, locations, and job responsibilities?"

- *(36) Colleagues* = Does this number establishes a culture? The law in the United States, 18 U.S. Code § 521 "**5**" or more persons is determined to be a gang. In 36 states (21 USC § 802) "**3**" or more persons is determined to be a gang.
- Whom else, did these presumed (36) colleagues forward that particular email on to?
- Did they send those emails on to other colleagues through their private email accounts as well or was the email deleted?

- Who were these unidentified colleagues that came forward to Mr. Neville's defense?
- What action did JAMS take against the recipients of Mr. Neville's email and to those whom came to his defense?
- What locations are each of these presumed individuals, who received the email, located and working at?
- Are they located and working at major hubs of JAMS?
- Are they located in major cities throughout the United States?
- What connection do each of these individuals have to each other?
- How did JAMS IT Department not flag this email?
- What is JAMS IT Department countermeasures and acknowledgment for this issue?
- How will the closed loop email structure be monitored in the future for possible violations?

I do not believe I am able to have a fair hearing with JAMS arbitration firm nor Applied Materials at this junction. JAMS is already in violation of the American Arbitration Association, Arbitration Rules and Mediation procedures, which discuss neutral judges and disqualifications of judges. I have sent to JAMS, Weisbart Springer & Hayes, and Applied Materials Legal Dept. a copy of the general announcement from CEO and President Chris Poole. Also, conveniently located in some arbitration agreements, normally, it states" That one must have exhausted all course of actions through Human Resources." Keith Dupen, the Managing Director of Human Resources for Applied Materials is named in my lawsuit. I am unaware of how all of my options through Human Resources have been exhausted if one of their members is the cause for me being in the arbitration hearing in the first place.

5.) JAMS arbitration firm is also in violation of California Civil Code Section § 170.1, California Civil Code Section §170.6, and AAA Arbitration Rules and Mediation Procedures Neutral Judges and Disqualification. JAMS is also in violation of Federal Arbitration Act of 1925 §Section 2 unconscionability and duress. In a 2-1 decision the Ninth Circuit Court of Appeals, Monster Energy vs. City Beverages; D.C. No 5:17-cv-00295-RGK-KK, the Court ruled arbitrators must disclose their ownership interests. The Court ruled JAMS must inform potential participants of stock ownership in the arbitration firm. The Court has been presented a statement from the CEO of JAMS arbitration firm admitting to racial prejudice and bias at that firm. The CEO's general announcement has been submitted to the Court.

6.) Plaintiff is requesting:

- All related emails during my length of employment, scheduled Outlook meetings and H.R. summarizations
- Keith Dupen's employee records
- Plaintiff's employee records

- The number of arbitrations held with JAMS arbitration regarding Title VII race discrimination lawsuits in the past 20 years,
- The number of African Americans currently and/or previously working at the Santa Clara facility for the last 20 years,
- Their job capacities, roles, and their attrition rates.
- Average dollar amount paid to employees after JAMS arbitration hearings
- Win/Loss percentage for Applied Materials/ JAMS arbitration hearing participants
- List of all Arbitrators that have participated in JAMS/Applied Materials hearings over the last 20 years

This is not a comprehensive list and is subject to change.

7.) Violation of OWBPA Act of the ADEA Act of 1990. Plaintiff has filed a motion with the court to rule on the illegality/legality of the Voluntary Separation Agreement signing process. Plaintiff was denied 21 days to properly review the material.

Party or their attorney
Jeffrey Wohl, Lindsey Jackson
101 California Street, 48th Floor
San Francisco, Ca
Direct Line 415-856-700
Fax 415-856-7355

Signature of Party signing certificate and pleading
<u>Printed Name</u>: Kevin F Jackson <u>Date</u>: March 4, 2021
<u>Signature</u>: *Kevin F Jackson*
1815 Brookside Ave NW
Salem, Oregon 97304
541-484-0167