IN THE DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE
SANTA CLARA COUNTY, CALIFORNIA <u>05:20-CV-06007-VKD</u>

<u>Kevin F Jackson</u>,
*Petitioner*
and
<u>Applied Materials & Keith Dupen</u>
*Respondent*

*Plaintiff's Response* in Favor of Motion TO/FOR Voluntary Separation Agreement Legality/Illegality. This is also Plaintiff's response for a ruling to have Applied Materials provide all electronic communication from my company supplied laptop for this matter before the District Court.

<u>OWBPA Act of the ADEA Act of 1990</u> states:

Title II Waiver of Rights or Claims-

- Prohibits an individual from waiving any right or claim under ADEA unless such waiver is "knowing and voluntary".
- Places on the party asserting validity of the waiver the burden of proving in a court of competent jurisdiction that a waiver was <u>*knowing and voluntary*</u> pursuant to such specified minimum requirements."
- Prohibits any waiver agreement from: (1) affecting EEOC rights and responsibilities to enforce the ADEA or (2) being used to justify interfering with an employee's protected right to file a charge or participate in an EEOC investigation or proceeding.

<u>As grounds therefore will show</u>:

1.) In a meeting on Dec 11, 2019 in Keith Dupen's office, Keith was informed that I planned on filing a complaint with the EEOC.

2.) Keith Dupen, Human Resources Managing Director, denied my request for additional time to review the voluntary separation agreement in an email sent to me 3 days after the final paperwork (Voluntary Separation Agreement) was handed to me.

3.) I sent an email to Keith Dupen's boss and my level 2 manager's boss after Keith's denial requesting more time. Sheweta Hedwadkar delivered their response.
4.) The executives in the aforementioned step, Keith Dupen, and Sheweta Hedwadkar made the decision to provide 24 hours to review the documentation or be fired. That response was sent by email by Sheweta Hedwadkar.
5.) I need the emails to complete the March 11th responses to Court
6.) I would like for the Court to provide ruling on the legality/illegality of the Voluntary Signature process and void and terminate the contract if found illegal. Oubre v ENTERGY OPERATIONS Inc. No 96-1291 112 F. 3d 787

OWBPA Act of ADEA Act of 1990 states: Age 40 years of age and older

- Must provide the employee 21 days to consider offer. (*Note*: I received 4.5 days and a 24-hour notice)
- Specifically refer to rights or claims arising under the ADEA
- Be written in a manner that can be clearly understood
- Give an employee 7 days to revoke his or her signature
- Must not include rights and claims that may arise after the date which the waiver is executed.
- Be supported by consideration in addition to that which the employee is entitled
- Advise the employee in writing to consult an attorney before accepting the agreement

I hereby Certify that a copy hereof has been furnished by mail/hand/ECF delivery notice on this 4 day of March, 2021.

Party or their attorney
Jeffrey Wohl, Lindsey Jackson
101 California Street, 48th Floor
San Francisco, Ca
Direct Line 415-856-700

Fax 415-856-7355

Signature of Party signing certificate and pleading
<u>Printed Name</u>: Kevin F Jackson <u>Date</u>: March 4, 2021
<u>Signature</u>: *Kevin F Jackson*
1815 Brookside Ave NW
Salem, Oregon 97304
541-484-0167