IN THE DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE SANTA CLARA COUNTY, CALIFORNIA 05:20-CV-06007-VKD

Kevin F Jackson,
*Petitioner*
and
Applied Materials & Keith Dupen
*Respondent*

*Plaintiff's Response* in Favor of Motion TO/FOR Jeffrey Wohl's March 10, 2021 response to Voluntary Separation Agreement Legality/Illegality. This is also Plaintiff's response for a ruling to have Applied Materials provide all electronic communication from my company supplied laptop for this matter before the District Court.



Birthdate: November 27, 1963.  Age: 57 Years of Age



***Federal Arbitration Act of 1925-***

Section 2. Validity, irrevocability, and enforcement of agreements to arbitrate

A written maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract and transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

*JAMS Rule #4* ***Conflict with Law***

    i.    If any of these Rules or modifications of the Rules agreed to by the Parties, is determined to be in conflict with a provision of applicable law, the provision of law will govern over the Rule in conflict and no other Rule will be affected.

The Voluntary Separation Agreement should be void & terminated. In defendant's counsel Jeffrey Wohl's response to the Court on March 10, 2021, he states" In fact, there is no ADEA clause in the voluntary separation agreement that Mr. Jackson had to sign." If there is no <u>ADEA</u> clause in the separation contract, then this particular legal matter is **NOT** for arbitration but for the Court to decide. Secondly, JAMS Rules & Regulations Rule #4. state," that when there is a conflict with an applicable law, the provision of law will govern…" The definition of <u>DURESS</u> is: threats, violence, constraints, or other action brought to bear on someone to do something against their will or better judgement. The forcefulness of the voluntary signature paperwork was also a very deliberate and blatant attempt to interfere with an EEOC investigation. The facts of the motion will support that conclusion.

I refused to sign the 1st set of voluntary separation agreement documents and added a third line that stated "Neither, working with the EEOC". The second set of voluntary separation agreement documents were signed on the very day the threats of being fired with zero dollars were made. 41/2 days elapsed between receiving paperwork, 24-hour notice, zero dollars if fired, release of claims, waiver of rights to an attorney, released. Plaintiff is requesting the Court to have Applied Materials provide the documents for verification.

I did **NOT** "knowingly and voluntarily" sign anything.  (<u>KFJ</u>) I was forced to sign the documentation or be fired in a 24- hour period. (Unconscionability & Duress). It was a matter of getting fired and being paid $0.00 or sign the voluntary separation agreement and receive three months' salary. (<u>DURESS</u>) I have a Family to provide for. The waiver specifically had me waive my right to an attorney.

Jeffrey Wohl admitted that Keith Dupen denied my request for additional time to review the paperwork three days after handing me the voluntary separation agreement final paperwork. Jeff Wohl admitted I was given 24 hours by upper level executives to sign the document or be fired. I have requested the Court to have Applied Materials provide all email communication regarding the Voluntary Separation Agreement for legality purposes.

The FAA act of 1925 calls for the dismissal and/or termination of the contract based on Mr. Wohl's statements alone.

The OWBPA law passed by Congress states the "a court of competent jurisdiction" as the body that will ultimately decide the legality of the waiver, **NOT** the arbitrator as Mr. Wohl has stated in his response.

Oubre v ENTERGY OPERATIONS Inc. No 96-1291 112 F. 3d 787

OWBPA Act of ADEA Act of 1990 states: <u>Age 40 years of age and older</u>

- Must provide the employee 21 days to consider offer. (*Note*: I received 4.5 days and a 24-hour notice)
- Specifically refer to rights or claims arising under the ADEA
- Be written in a manner that can be clearly understood
- Give an employee 7 days to revoke his or her signature
- Must not include rights and claims that may arise after the date which the waiver is executed.
- Be supported by consideration in addition to that which the employee is entitled
- Advise the employee in writing to consult an attorney before accepting the agreement

I hereby Certify that a copy hereof has been furnished by mail/hand/ECF delivery notice on this 17th day of March, 2021.


<u>Party or their attorney</u>
Jeffrey Wohl, Lindsey Jackson
101 California Street, 48th Floor
San Francisco, Ca
Direct Line 415-856-700
Fax 415-856-7355

Signature of Party signing certificate and pleading
<u>Printed Name</u>: Kevin F Jackson <u>Date</u>: April 8, 2021
<u>Signature:</u>
1815 Brookside Ave NW
Salem, Oregon 97304
541-484-0167