DocuSign Envelope ID: A05DE204-0D4C-46A4-9A4E-C11B202251BE

162991

Revised July 28, 2016

June 1, 2018

## EMPLOYMENT AGREEMENT

NAME: Kevin Jackson          DATE: June 1, 2018

DEPARTMENT: _____

This Employment Agreement ("Agreement") is effective as of the date specified above ("Effective Date") by and between the above-named employee (referred to in the first person as "I," "me," or "my") and Applied Materials, Inc. ("Applied").

Initials kJ

DocuSign Envelope ID: A05DE204-0D4C-46A4-9A4E-C11B202251BE

162991

EMPLOYMENT AGREEMENT
June 1, 2018

8. **ARBITRATION**

    A. In consideration of my Employment, to the fullest extent allowed by law and except as set forth below, any controversy or claim (whether or not arising out of or relating to my Employment or termination of my Employment), whether asserted by Applied and/or any other Affiliate of Applied against me or by me (and no other party) against Applied and/or any other Affiliate of Applied or any of their respective agents or employees (whether acting in that capacity or otherwise), parent companies, benefit plans, or the successors and assigns of any of them, will be finally resolved by binding arbitration. The arbitration will be conducted by a single, neutral arbitrator and administered by JAMS, Inc. ("JAMS"), under its Employment Arbitration Rules & Procedures (available at http://www.jamsadr.com), and no other rules, if JAMS has an office within 100 miles of where I am employed or most recently was employed with Applied; or, if JAMS does not have an office within that 100-mile area, by the American Arbitration Association ("AAA") under its Employment Arbitration Rules and Mediation Procedures (available at http://www.adr.org), and no other rules. Notwithstanding the preceding sentence, if one or more of the claims to be arbitrated involves Applied's Confidential Information, the JAMS Comprehensive Arbitration Rules & Procedures and the JAMS Optional Appeal Procedure will be used by the arbitration tribunal instead of the JAMS Employment

Initials _kJ_

DocuSign Envelope ID: A05DE204-0D4C-46A4-9A4E-C11B202251BE   162991

June 1, 2018                                                            EMPLOYMENT AGREEMENT

Arbitration Rules & Procedures or the AAA Employment Arbitration Rules and Mediation Procedures. Upon my request, Applied will provide me with printed copies of the JAMS and AAA rules. Claims subject to arbitration will include, but are not limited to, any claims under (as amended) Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, and any other federal, state or local statute, regulation or common law doctrine, including contract or tort.

        B.        Notwithstanding Section 11.A. below, this agreement to arbitrate is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"). If for any reason the FAA is held not to apply to this Agreement, then the law of arbitrability of the state in which I work or last worked for Applied will apply. The arbitrator may construe or interpret, but may not vary or ignore, the terms of this arbitration provision, and will be bound by applicable law. Prior to invoking arbitration, I understand that I am encouraged, but not required, to exhaust all remedies as set forth in the Human Resources Open Door Policy (currently HR Policy 6-01). Except as provided below, both Applied and I are waiving our rights to proceed in a court of law, including a trial by jury, in exchange for arbitration.

        C.        The arbitration will be conducted in the city with a JAMS or AAA office (as applicable) nearest to where I am employed or most recently was employed with Applied, and no dispute affecting my rights or responsibilities will be adjudicated in any other venue or forum. Judgment upon any award rendered in an arbitration proceeding may be entered in any court having competent jurisdiction of the matter. Any controversy or claim subject to arbitration by either me or Applied will be deemed waived, and will be forever barred, if arbitration is not initiated within the time limit established by the applicable statute of limitations. Applied and I will have the same remedies in arbitration as we would otherwise have had if the claim had been filed in a court of law, including, where authorized by law, compensatory and punitive damages, declaratory relief, injunctive relief, and attorneys' fees. Applied will pay all costs of JAMS or AAA to administer the arbitration and the costs for the arbitrator; provided, however, that if I am the party initiating the arbitration, I will be required to contribute (unless excused on grounds of *in forma pauperis*, for good cause shown) an amount equal to the filing fee in the court of general jurisdiction in the county or comparable governmental unit where I work or last worked for Applied.

        D.        In any arbitration commenced pursuant to this agreement to arbitrate, depositions may be taken and discovery obtained to the reasonable amount necessary for both parties to be able to present their claims and defenses, taking into account the parties' mutual desire to have a speedy, cost-effective dispute-resolution mechanism. The arbitrator will determine and apply reasonable discovery limits in the arbitrator's discretion. Any award by the arbitrator(s) will be reasoned and accompanied by a statement of the factual and legal bases for the award.

        E.        This agreement to arbitrate will not apply to claims for workers' compensation or unemployment compensation or to claims covered by (and defined in) the Franken Amendment, first enacted in Section 8116 of the Defense Appropriations Act of 2010, or any similar statute, regulation or executive order, including but not limited to Executive Order 13673, to the extent that any such statute, regulation or executive order is effective and applicable to this agreement; or other claims that as a matter of law may not be compelled to arbitration. Nothing in this agreement to arbitrate will prevent any party from seeking from a court temporary equitable relief in aid of arbitration, including temporary restraining orders, temporary protective orders, evidence-preservation and return orders, and preliminary injunctions, where such relief is otherwise available by law. Nothing in this agreement to arbitrate prevents the filing of, or pursuit of relief through, a charge or complaint or other communication with any responsible governmental official, office, or agency (including but not limited to the National Labor Relations Board). Applied may in the future modify this agreement to arbitrate to adapt to changes in the law applicable to the agreement or as other future circumstances warrant in Applied's judgment, upon reasonable prior notice of the modification.

Initials kJ

DocuSign Envelope ID: A05DE204-0D4C-46A4-9A4E-C11B202251BE

162991

EMPLOYMENT AGREEMENT
June 1, 2018

Kevin Jackson
_____
Employee Name (print)

APPLIED MATERIALS, INC.

*Kevin Jackson*
_____
Employee Signature

By: *Virginia Conboy*
_____
Human Resources Representative

1815 Brookside Ave NW
_____
Home Address

Salem, OR 97304
_____
City, State, Zip

9                                                             Initials _kJ_