UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN F JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLIED MATERIALS CORPORATION, et al.,<br><br>        Defendants. | Case No. 20-cv-06007-VKD<br><br>**ORDER DENYING STAY OF JUDGMENT**<br><br>Re: Dkt. No. 86 |

On October 7, 2022, the Court confirmed the arbitrator's interim award of summary disposition and final award of attorneys' fees and costs, and entered judgment accordingly. Dkt. Nos. 94, 95. Plaintiff Kevin Jackson previously filed a declaration, Dkt. No. 86, that the Court construed in part as a motion to stay the judgment pending appeal. Dkt. No. 96. Defendants Applied Materials, Inc. ("Applied Materials") and Keith Dupen (collectively "Defendants") oppose the motion. Dkt. No. 97. Pursuant to Local Rule 7-1(b) the Court deems this matter submitted on the papers and denies Mr. Jackson's motion.

As a preliminary matter, the Court notes that execution of its judgment is automatically stayed for 30 days. Fed. R. Civ. P. 62(a). Additionally, Mr. Jackson may obtain a stay of execution of the judgment "by providing a bond or other security." Fed. R. Civ. P. 62(b); Fed. R. App. P. 7. "A stay may be obtained under [Federal Rule of Civil Procedure 62] subdivision (b) at any time after judgment is entered. Thus a stay may be obtained before the automatic stay has expired, or after the automatic stay has been lifted by the court." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment. "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or security." *Id.* The Court

has "inherent discretionary authority in setting supersedeas bonds," *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), and may "waive the bond requirement if it sees fit," *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989). Mr. Jackson has not provided a bond nor asked the Court to approve other security pursuant to Rule 62(b). Moreover, as Mr. Jackson's arguments in his motion and reply all pertain to the merits of his claims, the Court does not construe Mr. Jackson's papers as a request that the requirements of Rule 62(b) be waived.

When determining whether to stay an award of attorney's fees and costs pending appeal, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*, No. 17-CV-02824-JST, 2020 WL 8877819, at *3 (N.D. Cal. Oct. 30, 2020) (considering above factors in determining whether discretionary stay of attorneys' fees and costs is warranted) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, No. 3:08-cv-02658-WHO, 2019 WL 6525752, at *2 (N.D. Cal. Dec. 4, 2019) (same); *Kempthorne*, 2007 WL 1982778, at *2 (same). "'The first two factors . . . are the most critical,' . . . and the last two steps are reached '[o]nce an applicant satisfies the first two factors.'" *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

Mr. Jackson has not met his burden to show that a discretionary stay is warranted. Mr. Jackson's papers only raise arguments that the Court has already addressed. For example, Mr. Jackson continues to press the argument that the arbitrator should have reached the merits of his claims instead of finding that they were barred by the release that he signed upon separation. Dkt. No. 98 at 5. The Court has already considered this argument in its order granting defendants' motion to compel arbitration and concluded that it lacks merit. Dkt. No. 45. Mr. Jackson also argues that the firm that arbitrated his claims is racist and biased. Dkt. No. 86 at 6; Dkt. No. 98 at

1-2. However, the Court also addressed this argument in the same order and found it lacked merit. Dkt. No. 45 at 7-8. Likewise, Mr. Jackson argues that he should have been provided a court reporter for arbitration depositions. Dkt. No. 86 at 1; Dkt. No. 98 at 2-3. But the Court has already addressed this argument and found it, too, lacks merit. Dkt. No. 94 at 3-4; Dkt. No. 82. Here, again, the Court finds that Mr. Jackson is unlikely to succeed on the merits of these same arguments on appeal.

Mr. Jackson does not argue that he will be irreparably harmed if a stay is not granted pending appeal, nor does he address any of the other factors that bear on the issuance of a stay. *See* Dkt. Nos. 86, 98.

Because Mr. Jackson has not demonstrated that the Court should stay its judgment pending appeal, the Court denies his motion for a stay.

**IT IS SO ORDERED.**

Dated: October 25, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge